**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,           ) | CR-11-2012-TUC-GMS |
|                                      ) |  |
| Plaintiff,         ) | **ORDER** |
|                                      ) |  |
| vs.                                  ) |  |
|                                      ) |  |
| Valerano Jimenez-Marcial,            ) |  |
|                                      ) |  |
| Defendant.        ) |  |
|                                      ) |  |

At 4:43 p.m. on May 8, 2013, the afternoon before Defendant's revocation or admission hearing, defense counsel filed a Motion to Vacate Admission/Revocation Hearing, which has been set for May 9, 2013 before the undersigned Magistrate Judge since April 10, 2013. (Docs. 25, 27) Counsel indicates he has contacted Assistant United States Attorney Joseph Alioto, who has no objection to the granting of Defendant's motion. (Doc. 27 at 2)

Defendant's counsel requests the hearing be vacated because there is pending for ruling Defendant's Motion Re Court's Duty to Provide Defendant with Specific Dialect Interpreter before the Honorable G. Murray Snow, the assigned District Judge, in a different criminal case, CR-13-462-PHX-GMS (LOA), in which Defendant has been charged with Reentry of Removed Alien. (Doc. 18 in CR-13-462-PHX-GMS (LOA)). In that motion, defense counsel indicates Defendant, who does not speak and understand English, speaks Zapoteco de la Costa del Sur and the District Court's Interpreter's Office has been unable to locate or identify an interpreter who speaks this exotic dialect. (*Id.*) While counsel, who

1 is fluent in Spanish, does not expressly deny Defendant does not understand Spanish, he
2 expresses concern "whether Defendant can comprehend and communicate adequately
3 through the use of a Spanish interpreter, who is not fluent in his specific dialect." (*Id.* at 3)
4 In that motion, defense counsel cites 28 U.S.C. §1827(d) and numerous cases discussing this
5 statute and raises the issue that if Defendant truly does not understand Spanish and the
6 Interpreter's Office is unable to locate a Zapoteco de la Costa del Sur interpreter, further
7 prosecution may violate Defendant's Fifth and Sixth Amendment rights. *See e.g., Valladares*
8 *v. United States*, 871 F.2d 1564 (11th Cir. 1989); *see also United States v. Si*, 333 F.3d 1041,
9 1043 n. 3 (9th Cir. 2003) (citing cases); *United States v. Mayans*, 17 F.3d 1174, 1179–81
10 (9th Cir. 1994) (holding defendant's Fifth Amendment rights were violated when an
11 interpreter was withdrawn by the court); *Baltiera v. Gipson*, 2013 WL 264545 (E.D. Cal.
12 Jan. 23, 2013) (recommending petitioner's *habeas* claim be denied concerning the failure
13 to provide a Mixtec interpreter in addition to a Spanish interpreter in state criminal
14 proceedings).

15 Federal Rule of Criminal Procedure 32.1(b)(2) mandates a district court "[m]ust hold
16 the revocation hearing within a reasonable time in the district having jurisdiction." Rule
17 32.1(b)(2), Fed.R.Crim.P. However, a district court may extend the time period for
18 performing a particular act, like a revocation hearing, upon a showing of good cause.
19 Fed.R.Crim.P. 45(b)(1)(A).[1]

20 The Court finds that the delay in conducting Defendant's revocation hearing is
21 reasonably necessary to adequately protect Defendant's Fifth and Sixth Amendment rights
22 regarding whether Defendant's pending motion on the alleged need for the assistance of a
23 Zapoteco de la Costa del Sur interpreter. Those same legal issues apply equally to

---

25 [1] Federal Rule of Criminal Procedure 45(b)(1)(A) provides that "[w]hen an act must
26 or may be done within a specified period, the court on its own may extend the time, or for
good cause may do so on a party's motion made . . . before the originally prescribed or
27 previously extended time expires;. . . ."

Defendant's revocation hearing in this case.

Good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Vacate Admission/Revocation Hearing, doc. 27, is **GRANTED**.

**IT IS FURTHER ORDERED** resetting the admission or revocation hearing to **Tuesday, July 9, 2013 at 11:00 a.m.** before the undersigned Magistrate Judge.

**IT IS FURTHER ORDERED** defense counsel shall notify the Government two business days prior to the hearing if the Defendant will proceed with an admission.

DATED this 9th day of May, 2013.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge