**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-11-2012-TUC-GMS |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Valerano Jimenez-Marcial, ) | |
| Defendant. ) | |
| ) | |

This post-conviction case, alleging a violation of Defendant's supervised release, is before this Magistrate Judge on another defense motion to continue the revocation or admission hearing. (Doc. 30) This hearing had been scheduled for 11:00 a.m., July 9, 2013 since May 9, 2013, when the last hearing was continued at Defendant's request. Like the last request for a continuance, defense counsel filed the motion late in the day on the day before Defendant's hearing, but this time, defense counsel failed to provide a copy of the motion to the assigned Magistrate Judge until the morning of the hearing, contrary to LRCrim 49.2, LRCiv 5.2, and LRCiv 40.2(d),[1] Rules of Practice for the District Court for the District of Arizona. Neither this Magistrate Judge nor his chamber's staff was aware of the motion until

---

[1] Local Rule 40.2(d) provides, in relevant part, that "[i]n cases wherein a District Judge has referred a settlement conference, discovery or other matter to a Magistrate Judge, but not the entire case, counsel shall *immediately* provide a copy of any filed document relating to the referred matter to the chambers of the referred Magistrate Judge." (emphasis added).

1  approximately two hours before the hearing on the day of the hearing. By then, it was too
2  late to cancel the U.S. Marshal Service's delivery of Defendant to the courthouse.

3  Defendant's counsel requests the second revocation or admission hearing be
4  continued "[u]ntil August 6, 2013 which is the date currently set for the underlying illegal
5  reentry charge against him in CR13-00462-GMS."[2] (Doc. 30)  It is not clear what counsel
6  is representing because the District Court's docket does not indicate a combination guilty
7  plea and admission hearing is currently scheduled in either of Defendant's cases. Counsel
8  concedes, as he must, that the assigned District Judge denied Defendant's Motion Regarding
9  Court's Duty to Provide Defendant with Specific Dialect Interpreter on June 24, 2013, over
10 two weeks ago. Incredibly, defense counsel places partial blame for his mismanagement of
11 this scheduled hearing on the assigned District Judge and prosecutor, claiming "[n]either of
12 the parties nor [the District Judge] realized the need to have this instant hearing moved to
13 coincide with the underlying illegal reentry charge." (Doc. 30 at 2)

14 **I. Background**

15 On February 15, 2013, a Petition to Revoke Supervised Release was filed, alleging
16 Defendant violated Standard Condition No. 1 by committing the federal crime of Reentry of
17 Removed Alien on or before February 3, 2013. (Doc. 22)  Nearly two months later, on April
18 10, 2013, Defendant was arrested on a supervised release warrant; appeared at an initial
19 appearance on the same day where defense counsel was appointed; and waived a preliminary
20 revocation hearing. (Doc. 25)  Defendant was held to answer on the single allegation in the
21 Petition; and, at the request of defense counsel, a revocation or admission hearing was set for
22 May 9, 2013. (*Id*.) Twice this Magistrate Judge directed defense counsel to notify the
23 assigned prosecutor, no less than two business days prior to the hearing, if Defendant would
24 proceed with an admission, keeping open Defendant's option of voluntarily admitting a
25 violation and, at the same time, providing fair notice to the Government so it may cancel any

---

[2] In a new criminal case, Defendant was indicted on April 2, 2013, for Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a) with a (b)(1) sentencing enhancement. (Doc. 12 in CR-13-462-PHX-GMS (LOA)).

- 2 -

witnesses and obviate the need for unnecessary preparation for a revocation hearing. (Docs. 25, 28)  It is doubtful defense counsel complied with this Order.

On May 9, 2013, the Court found good cause existed for granting Defendant's first request that the May 9, 2013 hearing be continued pending the assigned District Judge's ruling on Defendant's Motion Regarding Court's Duty to Provide Defendant with Specific Dialect Interpreter in CR-13-462-PHX-GMS (LOA).

Defendant's second motion requests "[t]his court grant this motion to continue so the [the two cases] can be resolved simultaneously. [Defense] counsel's firm was closed from July 3rd to July 8th for an out-of-state retreat and neither the Government nor the defense wished to inconvenience this court due to their inadvertent failure to meet the 48 hour prior notice normally required for this type of motion." (Doc. 30 at 2)  Defense counsel avowed he had contacted the assigned Assistant United States Attorney, who had no objection to the motion. (*Id.*) The motion does not indicate, however, whether Defendant himself consents to another continuance or whether defense counsel has even discussed a second continuance with Defendant.

## II. Timeliness of Revocation Hearings

"A district court may revoke a term of supervised release only if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'"[3] *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (citing 18 U.S.C. § 3583(e)(3)). Although this is a lower standard than the beyond-a-reasonable-doubt standard required for a criminal conviction, there must still be credible evidence the releasee actually violated the terms of supervised release. *Id.*

Federal Rule of Criminal Procedure 32.1(b)(2) mandates a district court "must hold the revocation hearing *within a reasonable time* in the district having jurisdiction." Rule

---

[3] "Parole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the same manner." *United States v. Hall*, 419 F.3d 980, 987 n. 4 (9th Cir. 2005) (citation omitted).

- 3 -

32.1(b)(2), Fed.R.Crim.P. (emphasis added). Rule 32.1(b)(2), however, does not address what constitutes a "reasonable time" or establish the standard to meet to authorize a continuance once a revocation hearing has been set.

According to the Advisory Committee's Notes to 32.1(b)(2)'s predecessor, Rule 32.1(a)(2)

> [m]andates a final revocation hearing within a reasonable time to determine whether the probationer has, in fact, violated the conditions of his probation and whether his probation should be revoked. Ordinarily this time will be measured from the time of the probable cause finding (if a preliminary hearing was held) or of the issuance of an order to show cause. *However, what constitutes a reasonable time must be determined on the facts of the particular case, such as whether the probationer is available or could readily be made available.*

Rule 32.1(a)(2), Advisory Committee's Notes; *see also United States v. Santana*, 2007 WL 1125684, at *2 (S.D.Cal. April 16, 2007).

Few Ninth Circuit cases discuss what constitutes a reasonable time to conduct a revocation hearing. In *United States v. Clements*, 78 Fed.Appx. 640 (9th Cir. 2003), Rule 32.1(b)(2) was described by one concurring circuit judge as "a type of speedy-trial rule for all probation and supervised-release revocation hearings." 78 Fed.Appx. 640, at *1. In *Clements*, the majority found the six-month delay from execution of the arrest warrant to the order to show cause hearing was not an unreasonable delay under the circumstances, citing *United States v. Hill*, 719 F.2d 1402, 1404-05 (9th Cir. 1983) and *United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir. 1983).

The First Circuit indicated that "[r]easonableness has a protean quality. What is reasonable in one set of circumstances may be unreasonable in another set of circumstances." *United States v. Pagan-Rodriguez*, 600 F.3d 39 (1st Cir. 2010) (finding district court's one-year delay before holding the final revocation hearing pending resolution of the local narcotics charges was objectively unreasonable as a matter of law.).

Generally, the district court may extend the time period for performing a particular

- 4 -

act upon a showing of good cause. Fed.R.Crim.P. 45(b)(1)(A).[4] Like 18 U.S.C. § 3142(f), neither Rule 45 nor Rule 32.1(b)(2) define "good cause" for continuing a revocation hearing, especially in the context of a defendant's request to continue his own revocation hearing.

**III. Discussion**

Good cause does not exist to grant another continuance for Defendant's revocation hearing. One continuance of the hearing has already been granted as good cause was shown to allow the parties and assigned District Judge sufficient time to brief and resolve the legal issue whether the District Court has a duty to provide Defendant with a specific dialect interpreter when the record in this and other criminal cases confirms Defendant understands Spanish. This additional time provided the parties more than enough time to resolve both criminal cases in one plea agreement if the motion were denied. The Government has had since February 5, 2013, over five months since Defendant was arrested in CR-13-462-PHX-GMS (LOA), to resolve the new case and the supervised release case, but it has failed to do so. While the speedy-trial clock may have stopped in the new case when Defendant was indicted on April 2, 2013 pending the August 6, 2013 trial, Defendant has not demonstrated good cause for further delay in this supervised release case. Granting the motion would indirectly condone the parties' failure to use due diligence in this supervised release case. Because Rule 32.1(b)(2) has been described by one circuit judge as "a type of speedy-trial rule for all probation and supervised-release revocation hearings[,]" *Clements*, 78 Fed.Appx. 640 at 1, this Magistrate Judge is not willing to risk where that line is drawn for a speedy-hearing violation in a supervised release case so the parties may take their time to negotiate a combination plea agreement. Moreover, defense counsel's continued failure to not inform the Court the position of the Defendant on revocation hearing continuances is troubling and may, alone, be sufficient reason to deny the request.

---

[4] Federal Rule of Criminal Procedure 45(b)(1)(A) provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . before the originally prescribed or previously extended time expires; . . . ."

- 5 -

Good cause not appearing,

**IT IS ORDERED** that Defendant's Motion to Continue Admission/Revocation Hearing, doc. 30, is **DENIED**.

Dated this 10th day of July, 2013.

Lawrence O. Anderson
United States Magistrate Judge